Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7246 | **DATE** | 3/30/2004 |
| **CASE TITLE** | In Re: IN RE ABBOTT LABORATORIES | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendants objections to Magistrate Judge Nolan's January 22, 2004 order are overruled.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 3 1 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 131 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| | LG | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE ABBOTT LABORATORIES )
DERIVATIVE SHAREHOLDER )
LITIGATION ) No. 99 C 7246
_____)
THIS DOCUMENT RELATES TO )
ALL ACTIONS )

**DOCKETED**
MAR 3 1 2004

## MEMORANDUM OPINION AND ORDER

Plaintiffs brought this shareholder derivative lawsuit against Abbott Laboratories' Board of Directors, alleging breach of fiduciary duty. Abbott Laboratories (Abbott) is a nominal defendant. The plaintiff shareholders claim that the Board of Directors consciously disregarded Abbott's Diagnostics Division's (ADD) violations of Food and Drug Administration (FDA) regulations from 1993 until November 2, 1999, when Abbott, its CEO, and the president of ADD entered into a consent decree with the FDA. The case is in discovery and defendants now object to the magistrate judge's January 22, 2004, Memorandum Opinion and Order compelling the production of certain categories of documents.

When reviewing a magistrate judge's ruling on a nondispositive pretrial matter the district court applies a deferential standard of review. Only if the decision is clearly erroneous or contrary to law does the court modify or set aside the order (Federal Rule of Civil Procedure 72(a)). "A finding is clearly erroneous when the court is left with the definite and firm conviction that a mistake has been committed." Chamberlain v. Interlogix, Inc., 2002 WL 467153 at *1(N.D.Ill. 2002) (citing Anderson v. City of Bessemer, 470 U.S. 564, 573 (1985)). Under this standard, the court will not reverse the magistrate judge's decision simply because it would have decided the case differently. *See* Anderson, 470 U.S. at 573.

In the order of January 22, 2004, Magistrate Judge Nolan held, in part, that defendants had to produce six categories of documents that date after November 2, 1999, when Abbott and

31

the FDA entered into the consent decree. These categories of documents are "a) consultant reports and documents exchanged with consultants regarding Abbott's compliance with the Consent Decree; b) financial documents that show the revenues and profits of the ADD division; c) reports from Abbott's internal audit department or independent auditors concerning the ADD; d) financial or operating reports which quantify the charges, fines, value of inventory destroyed, lost sales, delays in FDA approval for new products, and cost of compliance with the Consent Decree; e) documents reflecting meetings of the [Board of Directors] and its committees that refer or relate to FDA compliance issues at ADD, including notes, minutes, drafts, and agendas; and f) communications between the FDA and Abbott's senior management (White, Regulatory Affairs VP, ADD VP, e.g.), FDA Warning Letters, Form 483s, and Abbott responses to the Form 483s relating to FDA compliance issues at ADD." The defendants do not contest the magistrate's order compelling production of the two categories of financial documents (categories b and d). However, they do object to the production of the remaining four categories of post-consent decree documents.

In pursuing their discovery motion before the magistrate judge, plaintiffs argued that these documents may be relevant in a variety of ways: they may show the feasibility of the defendants' precautionary measures; the full extent of problems caused by the defendants' pre-consent decree conduct; the full extent of Abbott's injuries resulting from defendant's conduct; or the continuation or defendant's wrongdoing after the consent decree. The magistrate judge compelled production of all six categories of documents based on the finding that they are all relevant to plaintiff's claimed damages. The magistrate did not reach the issue of whether an effort to show defendants' continuing course of illegal conduct after the consent decree would justify production, nor whether the plaintiffs would be required to amend their complaint in order to pursue such a claim. The decision was based solely on the

documents' relevance to plaintiffs' damages.

Defendants devote a considerable portion of their memorandum and reply to arguing that plaintiffs have not pleaded a claim of continuing wrongdoing and, therefore, the consultant reports, internal audits, Board of Director meeting minutes, and communications between the FDA and senior management from after November 1999, are not discoverable. Given the magistrate's decision, this is not the issue before the court. The issue is whether the finding that these four categories of documents are relevant to plaintiff's damages is clearly erroneous. We hold that it is not.

The magistrate judge explained that these documents "may shed light on the effects the directors' alleged inaction during the 1993 to November 1999 time period had and may continue to have on Abbott." Defendants maintain that plaintiffs' motion to compel these documents amounts to no more than a fishing expedition because they are not relevant to any articulable damages stemming from the consent decree. Before the magistrate issued her decision, plaintiffs submitted a memorandum listing eleven items of damages that they were seeking to recover. The magistrate judge concluded that the consultant reports, internal audit reports, Board of Directors meeting minutes, and communications between the FDA and Abbott's senior management, may bear on these damages. We have no reason to doubt this finding. Furthermore, defendants' contention that these documents will, at best, duplicate evidence provided by other discovery, fails to acknowledge the plaintiffs' need to show that their claimed damages are the result of the consent decree and not just the regular costs of FDA regulation – a showing that requires more than just figures from financial documents. In light of the magistrate's reasonable findings, it was not clearly erroneous for her to reject the defendants' claim that the burden of production would far outweigh the minimal benefit these documents would provide to plaintiffs. Though the estimated number of pages rendered

discoverable by this ruling is impressive, it alone does not show a burden to Abbott, and it in no way refutes the benefits of discovery for plaintiffs.

We are mindful, however, that a court generally does not have much specific knowledge about all the various subcategories of documents that may be involved, the actual relevance of the various subcategories to the issue of damages, and the actual burden of production. We begin with the assumption that plaintiffs' counsel have no interest in being overwhelmed by a huge volume of irrelevant documents; that much of the material sought may be of, at best, marginal relevance; and that the production will likely be burdensome. We suggest to the parties that they become familiar, in some detail, with the subcategories involved, and that they confer about the production of some materials in full and some by sample, with the objective of cutting down what has to be produced and what has to be reviewed.

## CONCLUSION

For the foregoing reasons, defendants' objections are overruled.

JAMES B. MORAN
Senior Judge, U. S. District Court

March 29, 2004.