IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



**FILED**

DEC 2 9 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| IN RE ABBOTT LABORATORIES DERIVATIVE SHAREHOLDER LITIGATION | CASE NO. 99 C 7246 |
| THIS DOCUMENT RELATES TO: All Actions. | Judge James B. Moran **DOCKETED** DEC 2 9 2004 Magistrate Judge Nan R. Nolan |

## NOTICE OF FILING

TO: Attached Certificate of Service

PLEASE TAKE NOTICE that on December 28, 2004, we filed with the Clerk of the United States District Court, Northern District of Illinois, Eastern Division, the Stipulation and Agreement of Settlement, with revisions to the exhibits as discussed at the Preliminary Approval Hearing, a copy of which is hereby served upon you.

Dated: Chicago, Illinois
December 28, 2004

By: _____
Christina M. Tchen
Dhananjai Shivakumar
Jason R. Braswell
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

Phil C. Neal
Ralph Russell
NEAL GERBER & EISENBERG LLP
Two North LaSalle Street, Suite 2200
Chicago, Illinois 60602
(312) 269-8000

Attorneys for the Individual Defendants

## CERTIFICATE OF SERVICE

I, Jason R. Braswell, an attorney, certify that I caused a true and complete copy of the foregoing Stipulation and Agreement of Settlement to be served upon the following parties this 28th day of December, 2004:

by messenger delivery to:

> Thomas M. Durkin, Esq.
> Mayer, Brown, Rowe & Maw
> 190 S. LaSalle Street
> Chicago, IL 60603
>
> Terry Rose Saunders, Esq.
> Saunders & Doyle
> 33 N. Dearborn, Suite 1302
> Chicago, IL 60602
>
> Jeffrey D. Colman, Esq.
> Jenner & Block
> One IBM Plaza
> Chicago, IL 60611

by Federal Express delivery to:

> Robert P. Frutkin, Esq.
> Law Offices of Bernard M. Gross
> 1515 Locust Street, Second Floor
> Philadelphia, PA 19102
>
> Robert M. Roseman, Esq.
> Spector, Roseman & Kodroff, P.C.
> 1818 Market Street, Suite 2500
> Philadelphia, PA 19103

_____
Jason R. Braswell

FILED
DEC 2 9 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE ABBOTT LABORATORIES DERIVATIVE SHAREHOLDER LITIGATION | Case No. 99 C 7246 |
| THIS DOCUMENT RELATES TO: All Actions. | Judge James B. Moran<br>Magistrate Judge Nan R. Nolan |

DOCKETED
DEC 2 9 2004

## STIPULATION AND AGREEMENT OF SETTLEMENT

The Settling Parties,[1] by and through their undersigned attorneys, hereby enter into the following Stipulation and Agreement of Settlement (the "Settlement" or "Stipulation"), dated as of December 14, 2004, subject to the approval of the Court.

### RECITALS

WHEREAS, on or after November 5, 1999, the Plaintiffs filed derivative actions in the United States District Court for the Northern District of Illinois (the "Court") on behalf of Abbott Laboratories, which is named as a nominal party, against the Settling Defendants, entitled *Leo J. Farrell et al. v. Miles D. White et al.*, Case No. 99 C 7426, and *Leonard Bronstein et al. v. Miles D. White et al.*, Case No. 99 C 7271, alleging claims against the Settling Defendants for breach of fiduciary duty; and

---

[1] All capitalized terms not otherwise defined shall carry the meaning set forth in Section 1 below.

1



WHEREAS, on or after November 5, 1999, two other similar derivative actions were filed in the Court on behalf of Abbott Laboratories, against the Settling Defendants, entitled, *Carpenters Pension Fund of Arkansas, et al. v. Roy S. Roberts, et al.*, No. 99 C 8148, and *F. David Seinfeld et al. v. H. Laurence Fuller, et al.*, No. 00 CV 981; and

WHEREAS, on or after December 14, 1999, the Court consolidated these four derivative actions under the caption *In re Abbott Laboratories Derivative Shareholder Litigation* (the "Action"); and

WHEREAS, the Action has been vigorously litigated by the Settling Parties for five years, including motions to dismiss, an appeal, and numerous discovery motions; and

WHEREAS, extensive discovery has taken place in the Action, including the review and production of nearly 300,000 documents and Rule 30(b)(6) depositions; and

WHEREAS, counsel for Plaintiffs and counsel for the Settling Defendants have engaged in substantial arm's-length negotiations in an effort to resolve the Action, including meetings, telephone conferences, and a mediation before Antonio Piazza, where the terms of the Settlement were debated and negotiated; and

WHEREAS, the Settling Defendants vigorously deny each and every one of the claims and contentions alleged by Plaintiffs in the Action and expressly deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action, including, but not limited to, any claims that the Settling Defendants breached their fiduciary duties to Abbott or its Shareholders. Each of the Settling Defendants further asserts that at all material times, he or she

acted in good faith and in a manner he or she reasonably believed to be in the best interests of Abbott and its Shareholders.

WHEREAS, the Settling Defendants state that they continue to assert that this case is not a proper derivative action, among other shortcomings, as Plaintiffs have failed to show that the demand requirement was excused, and have agreed to the compromise and settlement of the Action subject to the terms and conditions set forth herein solely to avoid the substantial burden, expense, and uncertainties that would be involved in continued protracted litigation, and to terminate the Released Claims against them. This Stipulation shall not be construed or deemed to be an admission by any Settling Defendant of any liability or wrongdoing; and

WHEREAS, Plaintiffs' Co-Lead Counsel state that, after the factual and legal investigations conducted during the five-year litigation described above, they have concluded that, while they believe that this Action is a proper derivative action and that the claims asserted in the Action have merit, the Settlement will provide substantial benefits to the Company and its stockholders which, when weighed against the attendant risks of continued litigation, including the possibility that the Settling Defendants would prevail in showing that the Action was not properly brought as a derivative action, or that the Plaintiffs will not prevail in showing that the Settling Defendants breached their fiduciary duties, warrant settlement; that they have considered the expense and length of time necessary to prosecute the Action through trial, the defenses asserted by and available to the Settling Defendants, the uncertainties of the outcome of the Action, and the likelihood of an appeal even if Plaintiffs were successful. This Stipulation shall not be construed or deemed to be a concession by any Plaintiff of any infirmity in the claims asserted in the Action; and

3

WHEREAS, the Abbott Board of Directors has approved the terms of this Settlement; and

WHEREAS, the Settling Parties and their counsel believe that the terms and conditions of this Stipulation are fair, reasonable, adequate, and proper, and acknowledge that this Stipulation is a result of arm's-length negotiations between the Settling Parties;

NOW, THEREFORE, in consideration of the promises and agreements, covenants, representations, and warranties set forth herein, intending to be legally bound;

IT IS HEREBY STIPULATED AND AGREED, by and among the Settling Parties, that this Action and all Released Claims are settled and compromised and that the Action shall be dismissed with prejudice and without costs, subject to approval of the Court pursuant to Federal Rule of Civil Procedure 23.1, on the following terms and conditions:

### ADDITIONAL DEFINITIONS

1. The following additional definitions shall apply in this Stipulation:

(a) "Final Judgment" means that judgment to be entered by the Court, substantially in the form of Exhibit D hereto, approving the Settlement, dismissing the Action with prejudice and without costs to any party except as provided herein, releasing all Released Claims, and enjoining Plaintiffs, any Abbott Shareholder, or Abbott from instituting, continuing, or prosecuting any action asserting one or more Released Claims.

(b) "Plaintiffs" means Leonard Bronstein, F. David Seinfeld, Leo J. Farrell, and Rena Nadoff.

(c) "Plaintiffs' Co-Lead Counsel" means Spector, Roseman & Kodroff, P.C., and the Law Offices Bernard M. Gross. P.C.

(d) "Plaintiffs' Co-Liaison Counsel" means Saunders & Doyle and Jonathan Nachsin, P.C.

(e) "Plaintiffs' Counsel" means Plaintiffs' Co-Lead Counsel, Plaintiffs' Co-Liaison Counsel, and the additional Plaintiffs' Counsel of Record.

(f) "Settling Defendants" means H. Laurance Fuller, David A. Jones, Jeffrey M. Leiden, Lord David A. L. Owen, Robert L. Parkinson, Jr., Boone Powell, Jr., Addison Barry Rand, W. Ann Reynolds, Roy S. Roberts, William D. Smithburg, John R. Walter, William L. Weiss, and Miles D. White.

(g) "Released Parties" means the Settling Defendants and each of their respective agents, insurers, attorneys, advisors, successors, heirs, assigns, executors, personal representatives, and immediate families.

(h) "Released Claims" means any and all claims, rights, demands, causes of action, suits, matters, and issues of every kind and nature whatsoever, including, but not limited to, those arising under contract, statute, or common law that have been, might have been, or could be asserted, whether known or unknown, through the Settlement Effective Date, against the Released Parties in the Action by or on behalf of the Plaintiffs, any Shareholder of Abbott, or Abbott, arising out of or related, directly or indirectly, in any way to compliance with United States Food and Drug Administration ("FDA") regulations at Abbott's Diagnostics Division ("ADD") or the allegations, transactions, or matters set forth, referred to, or that could have been asserted in the Action; provided, however, that the Settlement shall not be construed to extinguish the claims alleged in any putative shareholder derivative lawsuit, other than the Action and lawsuits related to or consolidated in the Action, filed prior to January 1, 2004.

(i) "Settlement Effective Date" means the date upon which the Final Judgment is no longer subject to appeal or review (or further appeal or review), whether by exhaustion of any possible appeal, lapse of time, or otherwise.

(j) "Settling Parties" means Plaintiffs, the Settling Defendants, and Abbott.

(k) "Abbott" or the "Company" means Abbott Laboratories and its subsidiaries and affiliates.

(l) "Shareholder" means a current holder of Abbott common stock as of the date of the Settlement Hearing.

## SCOPE AND EFFECT OF SETTLEMENT

2. The obligations incurred pursuant to this Stipulation shall be in full and final disposition of any and all Released Claims against all Released Parties.

3. Upon the Settlement Effective Date, Plaintiffs on behalf of themselves and Abbott, any other Shareholder, and each of their heirs, executors, administrators, successors, and assigns and any person they represent, and Abbott shall release and forever discharge, and shall forever be enjoined from prosecuting, each and every Released Claim against any of the Released Parties. By expressly releasing and forever discharging all Released Claims against the Released Parties, Plaintiffs, any Shareholder, and Abbott expressly waive any and all provisions, rights, and benefits conferred by § 1542 of the California Civil Code which provides:

> A general release does not extend to claims which the creditor does not know or suspect exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

and any other law of any jurisdiction (domestic or foreign), or principle of common law, which is similar, comparable, or equivalent to said provision.

4. Upon the Settlement Effective Date, each of the Settling Parties shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged each other, each Shareholder, and Plaintiffs' Counsel from all claims relating to, arising out of, or connected with the institution, prosecution, assertion, settlement, or resolution of the Action and/or the Released Claims.

## TERMS OF THE SETTLEMENT

5. The Charter of the Public Policy Committee of the Board of Directors of Abbott, substantially in the form set forth in Exhibit A hereto, has been adopted.

6. Abbott will fund regulatory/compliance activities in an amount not less than $27,000,000.

7. The Settling Defendants, following approval by the Court, have agreed to pay from insurance proceeds an award of attorneys' fees and expenses that the Court makes to Plaintiffs' Co-Lead Counsel on behalf of Plaintiffs' Counsel that does not exceed $9,000,000. The Settling Defendants and Abbott have agreed not to contest Plaintiffs' Co-Lead Counsel's fees and expenses application, provided that the amount sought in the application does not exceed $9,000,000. Any attorneys' fees and expenses to Plaintiffs' Co-Lead Counsel shall be payable on the Settlement Effective Date.

## NOTICE

8. The Notice, in substantially the form annexed hereto as Exhibit B, shall be mailed at least forty-five (45) days prior to the Settlement Hearing (as defined below) to all persons who hold Abbott common stock as of the mailing date, as set forth in the records

maintained by or on behalf of Abbott, at their respective addresses set forth in such records. Abbott shall use reasonable efforts to give notice of the Settlement Hearing to beneficial owners of shares by making additional copies of the notice available to any record holder requesting them for distribution to beneficial owners.

9.          Plaintiffs' Counsel shall contribute one-third of the costs of distributing the Notice in the manner described in paragraph 8, up to a maximum of $40,000.

## **PRELIMINARY APPROVAL**

10.         As soon as practicable after execution of this Stipulation, the Settling Parties shall move the Court for preliminary approval of the Settlement. Counsel for the Settling Parties shall apply to the Court for an order substantially in the form set forth in Exhibit C hereto:

(a)          preliminarily approving the Settlement as fair, reasonable, and adequate to Abbott and its Shareholders;

(b)          setting a date for a hearing (the "Settlement Hearing") to determine whether the proposed Settlement set forth herein should be finally approved as fair, reasonable, and adequate to Abbott and its Shareholders;

(c)          approving the form of notice set forth in Exhibit B hereto, distributed in the manner described in paragraph 8 of this Stipulation;

(d)          finding that, as set forth in the Notice, any Shareholder may appear and show cause if he, she, or it has any information why the proposed Settlement of the Action should not be approved as fair, reasonable, and adequate, or why a judgment should not be entered thereon; provided, however, that unless otherwise ordered by the Court, no Shareholder

8

may be entitled to appear at the Settlement Hearing or contest the approval of the terms and conditions of the Settlement unless his, her, or its objection or opposition, including the basis therefor, is made in writing, filed with the Court, and mailed by first-class mail postmarked no later than fourteen (14) days before the Settlement Hearing to Plaintiffs' Co-Lead Counsel, who will promptly provide copies of such documents to Counsel for the Settling Defendants and Abbott; and

(e) finding that the distribution of the Notice as provided for in paragraph 8 of this Stipulation constitutes the best notice practicable under the circumstances and meets all of the requirements of due process and Fed. R. Civ. P. 23.1.

## FINAL JUDGMENT

11. Upon approval by the Court of the Settlement terms set forth in this Stipulation, a Final Judgment, substantially in the form annexed as Exhibit D hereto, shall be entered, among other things:

(a) finding that the dissemination of the Notice as described above has been accomplished as directed and has provided the best notice practicable under the circumstances and has met all requirements of due process;

(b) approving the Settlement as fair, reasonable, and adequate to Abbott and its Shareholders; and

(c) completely discharging, settling, dismissing with prejudice, releasing, and permanently barring and enjoining the assertion, prosecution, or continuation by or on behalf of Plaintiffs, Abbott, or any Shareholder of any Released Claim against each and every Released Party; provided, however, that the Final Judgment shall not bar any action or claim to enforce the terms of the Settlement as approved by the Court or the Final Judgment.

## CONTINGENCIES, EFFECT OF DISAPPROVAL
## OR TERMINATION OF SETTLEMENT

12.	This Settlement and the consideration therefor are given by the Settling Defendants in return for, and are contingent upon, a full and complete release of all Released Claims against all Released Parties, which release no longer may be challenged by Plaintiffs, any Shareholder, or Abbott.

13.	In the event that the Court or, in the event of an appeal, any appellate court having jurisdiction over the Action refuses to approve, or materially modifies this Stipulation or any order entered pursuant thereto, then counsel for any of the Settling Parties may terminate this Stipulation and the Settlement by giving counsel for all other Settling Parties written notice of the termination no later than twenty (20) days following the date of the event giving rise to the right of termination.

14.	This Settlement and the obligations of the Settling Parties are conditioned upon and subject to:

(a)	entry of the order substantially in the form of Exhibit C preliminarily approving the Settlement;

(b)	entry of the Final Judgment substantially in the form of Exhibit D; and

(c)	the occurrence of the Settlement Effective Date.

15.	In the event that this Stipulation is not approved by the Court, or such approval is reversed on appeal, or the Settlement provided herein is otherwise terminated as provided for herein, this Stipulation shall become null and void and of no further force and effect, and shall not be used or referred to for any purpose whatsoever. In such event, the

10

Settling Parties shall move the Court for an order vacating all orders previously entered relating to this Stipulation, and this Stipulation and all negotiations and proceedings relating thereto shall be deemed to be without prejudice as to the rights of any and all parties hereto, who shall be restored, to the extent possible, to their respective positions existing as of the date this Stipulation is executed.

## STIPULATION IS NOT AN ADMISSION

16. Settling Defendants have denied, and continue to deny, that they have committed any breach of fiduciary duty, and have denied and continue to deny all allegations of wrongdoing or liability whatsoever with respect to the Released Claims, including any and all contested facts or claims alleged in the Action. Settling Defendants further deny that the Action was properly brought as a derivative action, or that Plaintiffs have shown that demand was excused. Settling Defendants state that they are agreeing to this Settlement solely because it will eliminate the burden, expense, and uncertainties of further litigation and the concomitant distraction of resources and efforts from their businesses.

17. Neither this Stipulation nor any of its terms (nor any agreement or order relating thereto), nor any payment or consideration provided for herein, is or shall be construed as an admission by any of the Settling Defendants of any fault, wrongdoing, or liability whatsoever, or an admission by any of the Plaintiffs of any lack of merit of their claims against the Settling Defendants. Neither this Stipulation nor any of its terms (nor any agreement or order relating thereto), nor any payment or consideration provided for herein, shall be deemed or offered or received in evidence in any civil, criminal, administrative, or other proceeding or utilized in any manner whatsoever, including as a presumption, a concession, or an admission of any fault, wrongdoing, or liability whatsoever on the part of any Settling Defendant; provided,

11

however, that nothing contained in this paragraph shall prevent the Stipulation (or any agreement or order relating thereto) from being used, offered, or received in evidence in any proceeding to approve, enforce, or otherwise effectuate the Settlement (or any agreement or order relating thereto) or the Final Judgment, or in which the reasonableness, fairness, or good faith of the Settling Defendants in participating in the Settlement (or any agreement or order relating thereto) is at issue, or to enforce or effectuate provisions of this Settlement as to the Settling Parties.

## MISCELLANEOUS

18. All counsel who execute this Stipulation represent and warrant that they have authority to do so on behalf of their respective clients.

19. The Settling Parties and all signatories to this Stipulation agree to undertake and to use their best efforts, including all steps contemplated by this Stipulation and any other steps and efforts that may become necessary by order of the Court or otherwise, to effectuate this Stipulation and the Settlement contemplated hereunder.

20. This Stipulation (including exhibits hereto, agreements referenced herein, and documents executed pursuant to the foregoing) contains the entire agreement among the Settling Parties with respect to the subject matter hereof and supersedes any prior written or oral agreements, representations, warranties, or statements. No representation, warranty, or inducement has been made to any party concerning this Stipulation other than the representations, warranties, and covenants contained herein. This Stipulation may not be altered, modified, or amended, or any of its provisions waived, unless by a writing executed by counsel for all the Settling Parties hereto.

21. Plaintiffs and Plaintiffs' Counsel expressly warrant that, in entering into this Stipulation, they relied solely upon their own knowledge and investigation, and not upon any promise, representation, warranty, or other statement by the Settling Defendants not expressly contained herein.

22. This Stipulation may be executed in one or more counterparts, all of which shall be considered the same as if a single document shall have been executed, and shall become effective when such counterparts have been signed by each of the Settling Parties and delivered to each of the other Settling Parties.

23. Upon prior notice to the Court and after approval by the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation, as contemplated in the attached exhibits, incorporated herein by reference.

24. The failure of any Settling Party to enforce at any time any provision of this Stipulation shall not be construed to be a waiver of such provision, nor in any way to affect the validity of this Stipulation or any part hereof or the right of any Settling Party thereafter to enforce each and every such provision. No waiver of any breach of this Stipulation shall be held to constitute a waiver of any other breach.

25. The Court shall retain jurisdiction with respect to the enforcement of the terms of this Stipulation and the Settlement embodied herein.

26. The section headings used throughout this Stipulation are for convenience only and shall not affect the interpretation or construction of this Stipulation.

27. In the event that the Court or any other court is called upon to interpret this Stipulation, no one party or group of parties shall be deemed to have drafted this Stipulation,

nor may any party offer in evidence or otherwise use, for purposes of suggesting any interpretation of this Stipulation, any prior drafts of this Stipulation.

28. Nothing in this Stipulation, the Settlement, or the negotiations or proceedings relating to the foregoing is intended to be or shall be deemed to constitute a waiver of any applicable privilege or immunity, including without limitation, the accountants' privilege, the attorney-client privilege, the joint defense privilege, or work product immunity.

29. This Stipulation and the Settlement contemplated hereby shall be governed by, and construed in accordance with, the laws of the State of Illinois and, to the extent required to obtain and enforce the complete release and injunction anticipated under paragraph 11 hereof, such foreign laws as may be applicable thereto.

Dated: December 14, 2004

_____
Robert P. Frutkin
LAW OFFICES BERNARD M. GROSS, P.C.
1515 Locust Street, Second Floor
Philadelphia, PA 19102
(215) 561-3600

_____
Robert M. Roseman
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 1910
(215) 496-0300

*Co-Lead Counsel for Plaintiffs*

*[signature]*

---

Christina M. Tchen
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, IL 60606
(312) 407-0700

*Counsel for H. Laurance Fuller, David A. Jones,*
*Jeffrey M. Leiden, Lord David A. L. Owen,*
*Robert L. Parkinson, Jr., Boone Powell, Jr.,*
*Addison Barry Rand, W. Ann Reynolds, Roy S. Roberts,*
*William D. Smithburg, John R. Walter,*
*William L. Weiss, and Miles D. White*

*[signature]*

---

Phil C. Neal
NEAL GERBER & EISENBERG LLP
2 North LaSalle Street, Suite 2200
Chicago, IL 60602
(312) 269-8000

*Counsel for H. Laurance Fuller, David A. Jones,*
*Jeffrey M. Leiden, Lord David A. L. Owen,*
*Boone Powell, Jr., Addison Barry Rand,*
*W. Ann Reynolds, Roy S. Roberts,*
*William D. Smithburg, John R. Walter,*
*William L. Weiss, and Miles D. White*

16

/s/ Laura J. Schumacher
Laura J. Schumacher
Lara M. Levitan
ABBOTT LABORATORIES
100 Abbott Park Road
Abbott Park, IL 60064
(847) 935-2342



Thomas M. Durkin
Michele Odorizzi
MAYER, BROWN, ROWE & MAW LLP
190 South LaSalle Street
Chicago, Illinois 60603
(312) 782-0600

*Counsel for Abbott Laboratories*

_____
Laura J. Schumacher
Lara M. Levitan
ABBOTT LABORATORIES
100 Abbott Park Road
Abbott Park, IL 60064
(847) 935-2342


_/s/ Thomas M. Durkin_____
Thomas M. Durkin
Michele Odorizzi
MAYER, BROWN, ROWE & MAW LLP
190 South LaSalle Street
Chicago, Illinois 60603
(312) 782-0600

*Counsel for Abbott Laboratories*

17