

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE ABBOTT LABORATORIES DERIVATIVE SHAREHOLDER LITIGATION | Case No. 99 C 7246 |
| THIS DOCUMENT RELATES TO: All Actions. | Judge James B. Moran<br><br>Magistrate Judge Nan R. Nolan |

## FINAL JUDGMENT AND ORDER OF DISMISSAL

On the 1st day of March, 2005, a hearing was held by this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement, dated as of December 14, 2004, (the "Stipulation"), which is subject to review under Federal Rule of Civil Procedure 23.1, are fair, reasonable, and adequate; (2) whether judgment should be entered dismissing the Complaint filed in this Action with prejudice; and (3) whether a release of the Released Claims, as set forth in the Stipulation, should be provided to the Released Parties. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that notice, substantially in the form approved by the Court, of the proposed settlement and the hearing has been given to the shareholders of Abbott; and the Court having considered and determined that the proposed Settlement as set forth in the Stipulation is fair, reasonable, and adequate;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 1st day of March, 2005 that:

1. The Stipulation, including the definitions contained therein, is incorporated by reference in this Final Judgment.

2. This Court has jurisdiction over the subject matter of this Action.

3. The notice given to the shareholders of Abbott as set forth in the Stipulation was the best notice practicable under the circumstances, and such notice provided due and adequate notice of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation.

4. This Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable, and adequate with respect to Abbott and its shareholders.

5. The Court hereby awards Plaintiffs' Counsel attorneys' fees and expenses in the amount of $ 9,000,000 .

6. The award of attorneys' fees and expenses is to be paid on the Settlement Effective Date to Plaintiffs' Co-Lead Counsel and shall be allocated among counsel of record for Plaintiffs in a fashion and amount which fairly compensates each counsel of record for Plaintiffs for their respective contribution to the prosecution of the Action, which will be determined by the Court and set forth in a separate, postjudgment order.

7. The Court finds that all parties to the Action and their counsel have complied with the requirements of Federal Rule of Civil Procedure 11 as to all proceedings herein.

8. The Court hereby dismisses with prejudice and without costs, except as provided in the Stipulation, the Action against the Settling Defendants.

9. Upon the Settlement Effective Date, Plaintiffs, each shareholder of Abbott, and Abbott shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and every one of the Released Parties from the Released Claims and all claims, arising out of, relating to, or in connection with the institution, prosecution, assertion, or resolution of the Action or the Released Claims.

10. Plaintiffs, Abbott, and all shareholders of Abbott, and all persons acting in concert or participation with them, either directly, indirectly, representatively, or in any other capacity, are hereby forever restrained and enjoined from prosecuting, pursuing, or litigating any of the Released Claims against any of the Released Parties in this or any other forum.

11. Upon the Settlement Effective Date, each of the Settling Parties shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged each other, each Shareholder, and Plaintiffs' Counsel from all claims relating to, arising out of, or connected with the institution, prosecution, assertion, settlement, or resolution of the Action and/or the Released Claims.

12. Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) the allocation of the attorneys' fees and expenses award among Plaintiffs' Counsel; (b) the implementation of the Settlement; and (c) the Settling Parties for the purpose of construing, enforcing, and administering the Stipulation and the Settlement.

IT IS SO ORDERED: March 1, 2005

JAMES B. MORAN
Senior Judge, U.S. District Court